TUCKER, APPELLANT, *v.* COLLINS, WARDEN, APPELLEE.

[Cite as *Tucker v. Collins* (1992), 64 Ohio St.3d 77.]

(No. 91–1807—Submitted December 10, 1991—Decided June 17, 1992.)

 

*Homer Tucker, pro se.*

*Per Curiam.* The decision of the court of appeals is affirmed based on our decisions in *In re Petition of Brown* (1990), 49 Ohio St.3d 222, 551 N.E.2d 954, and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. As we stated in paragraph two of the *Murnahan* syllabus:

"Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution. * * * " (Citations omitted.)

This ability to appeal is an adequate remedy at law that precludes issuance of a writ of habeas corpus. *In re Petition of Brown, supra.*

Moreover, even if appellant's claim of invalid waiver of counsel at trial were sustained, it would not be grounds for issuance of a writ of habeas corpus because the error did not deprive the trial court of jurisdiction over his case. Under R.C. 2725.05, if a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus may not be allowed. The right to counsel is guaranteed by the Sixth Amendment to the Constitution of the United States. Therefore, redress for a deprivation of the right should be sought via appeal or postconviction relief under R.C. 2953.21. *Freeman v. Maxwell* (1965), 4 Ohio St.2d 4, 33 O.O.2d 2, 210 N.E.2d 885, certiorari denied (1966), 382 U.S. 1017, 86 S.Ct. 634, 15 L.Ed.2d 532.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.