[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 49.]

THE STATE OF OHIO, APPELLEE, *v*. TUCKER, APPELLANT.

[Cite as *State v. Tucker*, 1996-Ohio-369.]

*Appellate procedure—Motion for "determination of a void judgment" asserting that petitioner did not voluntarily waive his right to appellate counsel—Motion denied when petitioner fails to show good cause for not filing complaint about appellate representation within ninety days of journalization of appellate judgment and failure to demonstrate a genuine issue as to whether petitioner was deprived of effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 95-2168—Submitted September 10, 1996—Decided November 6, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 89CA004533.

———————————

{¶ 1} In 1989, appellant, Homer Tucker, was convicted of aggravated burglary after a trial in which he represented himself. He again represented himself on appeal, and his conviction and sentence were affirmed. *State v. Tucker* (Aug. 1, 1990), Lorain App. No. 89CA004533, unreported, 1990 WL 108746, motion for leave to appeal overruled (1990), 56 Ohio St.3d 703, 564 N.E.2d 707.

{¶ 2} In January 1992, the court of appeals affirmed the trial court's denial of Tucker's third petition for postconviction relief. *State v. Tucker* (Jan. 29, 1992), Lorain App. No. 91CA005078, unreported, 1992 WL 15974, motion to certify overruled (1992), 63 Ohio St.3d 1474, 591 N.E.2d 244. In June 1992, we affirmed the court of appeals' rejection of Tucker's petition for habeas corpus. *Tucker v. Collins* (1992), 64 Ohio St.3d 77, 591 N.E.2d 1241.

{¶ 3} In late 1994, Tucker filed an application with the court of appeals under App.R. 26(B) to reopen his appeal. The court of appeals denied the application, and we affirmed that court's decision not to reopen the appeal. *State*

*v. Tucker* (1995), 73 Ohio St.3d 152, 652 N.E.2d 720.  Subsequently, Tucker filed with the court of appeals a motion for "determination of a void judgment," asserting that he did not voluntarily waive his right to appellate counsel.  The court of appeals denied that motion, finding that it had "already ruled on appellant's previous motion wherein he asserted the same argument."

_____

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Lisa A. Locke Graves*, Assistant Prosecuting Attorney, for appellee.

*Homer Tucker, pro se.*

_____

***Per Curiam.***

**{¶ 4}** As we held previously, Tucker has failed to show good cause for not filing his complaint about appellate representation within ninety days of journalization of the appellate judgment.  See *State v. Tucker,* 73 Ohio St.3d 152, 652 N.E.2d 720.  Moreover, Tucker has not demonstrated "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____