OPINION
{¶ 1} Appellant Andrew Schuttera appeals the decision of the Ashland Municipal Court that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On January 2, 2005, Officer John Simmons of the Ashland Police Department stopped a vehicle for failure to use a turn signal. There were four occupants in the vehicle. As Officer Simmons began talking to the driver of the vehicle, Rachel Steiner, he noticed a faint odor of burnt marijuana. Patrolman Simmons asked Ms. Steiner to exit the vehicle. Upon doing so, Officer Simmons inquired whether there was any contraband in the vehicle. Ms. Steiner responded there was no contraband. Officer Simmons asked Ms. Steiner whether she would consent to a search of the vehicle and she agreed.
 {¶ 3} Prior to conducting the search, Officer Simmons had the remaining three occupants exit the vehicle one at a time. As each occupant exited, Officer Simmons asked whether he could conduct a search of their person. Appellant, the last occupant to exit the vehicle, refused to consent to a search of his person instead indicating he wished to exercise his rights.
 {¶ 4} However, due to the fact that appellant was wearing a long trench coat and Officer Simmons could not see his waistband because of the coat, Officer Simmons decided to perform a Terry
pat-down search for officer safety. While conducting the pat-down search, Officer Simmons discovered a plastic baggy containing marijuana in the pocket of appellant's jeans. Officer Simmons also discovered a marijuana cigarette. Thereafter, Officer Simmons searched the vehicle but did not find any contraband.
 {¶ 5} The state charged appellant with possession of marijuana. At the time of this offense, appellant was on probation. Due to the possession charge, on April 22, 2005, the state charged appellant with a probation violation. On May 6, 2005, appellant filed a motion to suppress, which the trial court overruled at a hearing conducted on May 9, 2005.
 {¶ 6} This matter proceeded to a jury trial on June 15, 2005. The jury found appellant guilty as charged. The trial court found appellant violated his probation and imposed a suspended sentence of 154 days, in addition to his sentence for the possession charge. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE APPELLANT'S MOTION TO SUPPRESS WHERE CONTRABAND WAS FOUND PURSUANT TO A SEARCH OF HIS PERSON BASED ON THE ODOR OF MARIJUANA IN A VEHICLE WHEREIN THE APPELLANT WAS A PASSENGER."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to suppress because Officer Simmons did not have probable cause to search him as a passenger of a vehicle from which the odor of burnt marijuana was emanating. We disagree.
 {¶ 9} There are three methods that may be used on appeal to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 10} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger, supra.
 {¶ 11} In the case sub judice, appellant argues the trial court incorrectly decided the ultimate issue raised in his motion to suppress. That is, whether Officer Simmons had probable cause to search appellant's person. In denying appellant's motion to suppress, the trial court relied upon the Ohio Supreme Court's decision in State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10. Based upon the Moore decision, the trial court concluded the smell of burnt marijuana justified a search of the vehicle and its occupants. Tr. Suppression Hrng., May 9, 2005, at 36. The trial court further determined Officer Simmons properly conducted a Terry pat-down search because weapons are often associated with drugs. Id. Finally, the trial court found Officer Simmons properly seized the marijuana from appellant's pants pocket under the plain feel doctrine. Id.
 {¶ 12} On appeal, appellant maintains the Moore decision actually supports his argument. Appellant sets forth four factors he claims distinguishes his case from the Moore decision. Appellant claims any one of these distinctions removes probable cause. Prior to addressing these distinctions, we will address the facts of the Moore decision. In Moore, a state highway patrolman stopped the defendant's vehicle after observing a traffic violation. Id. at 47. Upon approaching the vehicle, the patrolman noticed a strong odor of fresh burnt marijuana. Id. The patrolman also noticed the odor emanating from the defendant's person. Id.
 {¶ 13} The defendant denied possession of any illegal substances. Id. The patrolman removed the defendant from his vehicle and proceeded to search his person. Id. While conducting the search, the patrolman discovered drug paraphernalia in one of the defendant's pockets. Id. The patrolman also searched the defendant's vehicle and found a burnt marijuana cigarette in the ashtray. Id.
 {¶ 14} On appeal to the Ohio Supreme Court, the Court first determined "* * * that a law enforcement officer, who is trained and experienced in the detection of marijuana, should not be prohibited from relying on his or her sense of smell to justify probable cause to conduct a search for marijuana." Id. at 51. The Court next addressed the issue of whether there was an exception to the warrant requirement to allow the patrolman to search the defendant's vehicle. The Court concluded an exception exists because "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." Id. at 51.
 {¶ 15} Finally, the Court addressed the issue of whether an exception to the warrant requirement existed to allow the patrolman to search the defendant's person. In concluding an exception existed, the Court relied upon exigent circumstances and found that because marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may be justified to preserve the evidence. Id. at 52.
 {¶ 16} The four distinctions between the case sub judice and the Moore decision that allegedly eliminate probable cause for Officer Simmons' search of appellant's person are as follows. First, appellant argues in Moore, the patrolman conducted the search of the defendant's person based solely on the odor of marijuana. However, in the case sub judice, Officer Simmons conducted a Terry pat-down search on appellant for weapons. Tr. Suppression Hrng., May 9, 2005, at 17.
 {¶ 17} The odor of burnt marijuana and a Terry pat-down search are both recognized exceptions to the warrant requirement. In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a police officer is justified in conducting a limited search for weapons, if the officer has made a valid investigative detention of a suspect and has a reasonable belief that the suspect is armed and presently dangerous to the officer or to others. At the suppression hearing, Officer Simmons testified that appellant was wearing a long black trench coat and he could not see his waistband because the coat hid appellant's body. Tr. Suppression Hrng., May 9, 2005, at 16-17. Thus, Officer Simmons conducted a Terry pat-down search for officer safety. As noted above, this is a well-recognized exception to the warrant requirement.
 {¶ 18} The second distinction appellant refers to is the fact that in Moore, the patrolman was alone and in the case sub judice, a second officer arrived on the scene to assist Officer Simmons. This distinction is irrelevant. No matter the number of officers or occupants of a vehicle, an officer is entitled to perform a Terry pat-down search for weapons for purposes of officer safety.
 {¶ 19} Third, appellant cites to the fact that in Moore,
the patrolman noticed an odor of burnt marijuana emanating from the defendant's person, but in this matter, Officer Simmons did not notice an odor emanating from appellant. Again, we find this distinction irrelevant because Officer Simmons conducted aTerry pat-down search for safety purposes. However, the search of the defendant's person in Moore was based upon exigent circumstances, which is another recognized exception to the warrant requirement.
 {¶ 20} Finally, appellant refers to the fact that in Moore,
the defendant was the only person in the vehicle whereas in the matter currently before the Court, appellant was one of four passengers in the vehicle. The fact that appellant was one of four passengers also is not a distinguishing factor.
 {¶ 21} Accordingly, we conclude Officer Simmons did not need probable cause to conduct a Terry pat-down search of appellant as this is a well-recognized exception to the warrant requirement. As such, the trial court did not err when it denied appellant's motion to suppress. The search of appellant's person was permissible under the Terry pat-down exception. The search would have also been permissible, pursuant to the Moore
decision, under the exigent circumstances exception to the warrant requirement.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court, Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.