Shannon Haynes, pro se.

BOZSIK, APPELLANT, *v.* HUDSON, WARDEN, APPELLEE.

[Cite as *Bozsik v. Hudson,* 110 Ohio St.3d 245, 2006-Ohio-4356.]

(No. 2006–0695—Submitted July 18, 2006—Decided September 6, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of habeas corpus.

{¶ 2} In June 2000, the Medina County Court of Common Pleas convicted appellant, Steven A. Bozsik, upon a jury verdict, of aggravated murder, murder, and accompanying firearm specifications and, following merger of the counts, sentenced him to life in prison. On appeal, the court of appeals affirmed Bozsik's convictions. *State v. Bozsik* (Dec. 26, 2001), Medina App. No. 3091–M, 2001 WL 1647719. This court did not accept Bozsik's discretionary appeal. 95 Ohio St.3d 1437, 2002-Ohio-2084, 766 N.E.2d 1002.

{¶ 3} In September 2002, the Medina County Court of Common Pleas convicted Bozsik of tampering with evidence and sentenced him to a prison term of four years, to be served consecutively to his life term.

{¶ 4} On March 3, 2006, Bozsik filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his immediate release from prison. Bozsik raised several claims, but he placed primary emphasis on his assertion that the trial court had lacked jurisdiction to try, convict, and sentence him on the aggravated-murder charge because the trial court had denied him the effective assistance of counsel by conducting various "critical stage" hearings without the presence of his counsel. Bozsik further claimed that the trial court had had an improper ex parte communication with the state and had permitted perjured testimony by the state.

{¶ 5} On March 15, 2006, the court of appeals denied the writ.

{¶ 6} In his appeal as of right, Bozsik claims that the court of appeals erred in denying the writ because he had stated a prima facie claim for extraordinary relief in habeas corpus based on the trial court's denial of his right to counsel and the trial court's failure to rule on his August 2003 motion for leave to file a delayed motion for new trial to raise these claims. Bozsik's claims are without merit.

{¶ 7} Claims involving the ineffective assistance of counsel or the alleged denial of the right to counsel are not cognizable in habeas corpus. See, e.g., *Johnson v. Bobby*, 103 Ohio St.3d 96, 2004-Ohio-4438, 814 N.E.2d 61, ¶ 5; *Tucker v. Collins* (1992), 64 Ohio St.3d 77, 78, 591 N.E.2d 1241.

{¶ 8} As we held in *Tucker*, 64 Ohio St.3d at 78, 591 N.E.2d 1241:

{¶ 9} "[E]ven if appellant's claim of invalid waiver of counsel at trial were sustained, it would not be grounds for issuance of a writ of habeas corpus because the error did not deprive the trial court of jurisdiction over his case. Under R.C. 2725.05, if a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus may not be allowed. The right to counsel is guaranteed by the Sixth Amendment to the Constitution of the United States. *Therefore, redress for a deprivation of the right should be sought via appeal or postconviction relief under R.C. 2953.21. Freeman v. Maxwell* (1965), 4 Ohio St.2d 4, 33 O.O.2d 2, 210 N.E.2d 885, certiorari denied (1966), 382 U.S. 1017, 86 S.Ct. 634, 15 L.Ed.2d 532." (Emphasis added.)

{¶ 10} Insofar as Bozsik asserts that appeal and postconviction relief are inadequate because his claims are premised on new evidence that he did not discover until after the time limitations for filing an appeal and postconviction relief had expired, he could have filed—and did file—a motion for leave to file a motion for new trial on the basis of the alleged newly discovered evidence. Crim.R. 33(B).

{¶ 11} Bozsik now asserts that his motion, which was filed in August 2003, is not an adequate remedy, because the trial court has yet to rule on the motion. But Bozsik waived this argument by failing to raise it in his petition. *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 6. In addition, procedendo—not habeas corpus—is the appropriate writ when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. See, e.g., *State ex rel. Rodak v. Betleski*, 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 13.

{¶ 12} Moreover, although Bozsik likens the alleged denial of his right to counsel to claims concerning the waiver of the right to a jury trial, jury-trial-

waiver claims are similarly not cognizable in habeas corpus. *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 7.

{¶ 13} Finally, an attachment to Bozsik's petition established that the trial court did not have an ex parte meeting. Bozsik's other claims are also not appropriately raised in habeas corpus. See, e.g., *Williamson v. Williams,* 103 Ohio St.3d 25, 2004-Ohio-4111, 812 N.E.2d 1283, ¶ 3 (perjured testimony); *Howard v. Randle,* 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268 (fraud).

{¶ 14} Based on the foregoing, the court of appeals properly denied the writ. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Steven A. Bozsik, pro se.

Jim Petro, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.