OPINION
{¶ 1} On August 22, 2005, the Stark County Grand Jury indicted appellant, Barry Thomas, on one count of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01 and one count of sexual battery in violation of R.C. 2907.03. Said charges arose from an incident involving appellant and a woman he offered a ride to, Rebecca Terrigan.
 {¶ 2} A jury trial commenced on October 3, 2005. The jury found appellant guilty of the sexual battery count, but was unable to reach a verdict on the rape and kidnapping counts. These two counts were later dismissed. By judgment entry filed October 18, 2005, the trial court sentenced appellant to five years in prison on the sexual battery count.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN READING TO THE JURY FROM A DOCUMENT WHICH WAS NOT ADMITTED INTO EVIDENCE."
 II {¶ 5} "THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A MAXIMUM SENTENCE IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY."
 I {¶ 7} Appellant claims the trial court erred in reading to the jury from a document not in evidence. We agree, but find the error to be harmless.
 {¶ 8} During deliberation, the jury requested an answer to the following question: "What time of arrival and day is on the hospital report?" T. at 329. Over defense counsel's objection, the trial court allowed the date and time noted on the hospital report to be given to the jury, "May 29, 2005, at 8:21 a.m." T. at 330. It is conceded that the hospital record was not received as evidence.
 {¶ 9} Carolyn McCune, an R.N. and a SANE nurse, sexual assault nurse examiner, testified she saw the victim on May 29, 2005 in the emergency room at Aultman Hospital. T. at 162. Rick Stauffer, a Stark County Sheriff's Deputy, testified in the early morning hours of May 29, 2005, while working the 6:30 a.m. to 2:30 p.m. shift, he responded to the hospital at the request of the victim and Nurse McCune to take a complaint. T. at 176-177.
 {¶ 10} We concur with appellant that it was improper to provide information to the jury from a document not in evidence. However, we find such error to be harmless. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 11} There was sufficient evidence to establish the date and time of the hospital visit in direct evidence. In addition, the time of the record had no bearing on the issue of credibility raised in the case. It was basically not contested by appellant that he had sex with the victim. Appellant claimed it was consensual. T. at 234. DNA evidence established the presence of appellant's semen on the interior crotch of the victim's underpants. T. at 219-220.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 15} Appellant was convicted of sexual battery in violation of R.C. 2907.03(A)(1) which states, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."
 {¶ 16} Appellant argues the victim was inconsistent in her statements about the incident, lied about her criminal record and totally lacked credibility; therefore, his version was reasonable and should have been accepted by the jury.
 {¶ 17} The victim testified appellant offered her a ride home. T. at 199-120. Appellant drove the opposite direction from her home and drove her to a wooded area. T. at 120-121. The victim testified she was forced to have sex with appellant at knife point. T. at 122. At one point, she got out of the vehicle and was going to try and run away, but appellant caught her. Id. Appellant put her back in the vehicle and forced her to have sex again. T. at 123. Appellant stepped out of the vehicle and the victim took "psych meds, anxiety meds, post med stress" "[b]ecause I just wanted it to stop and I wanted to die." Id. Thereafter, the victim woke up and walked to her house. T. at 124.
 {¶ 18} Appellant stated they had consensual sex in exchange for crack cocaine. T. at 234. He admitted they both smoked the "dope." Id. Afterwards, the victim "just changed to somebody else and started saying like, you know, you bring me out here to kill me and somebody sent you to kill me. And she turned and, you know, just started kicking at me and punching me * * *." T. at 235. Appellant got the victim out of his vehicle, but the vehicle failed to start. T. at 235. He observed the victim take a "big gob of pills." T. at 237. Thereafter, the victim fell asleep and appellant started the vehicle in the morning and drove the victim home. T. at 239-240. Appellant told Deputy Stauffer "something to the effect, I don't believe you're doing this to me. She was just a whore." T. at 194.
 {¶ 19} Somewhere between these two versions, the jury concluded where the truth lay. The jury was unable to reach a verdict on the rape count, but found the victim was coerced by means that overcame her resistance [R.C. 2907.03(A)(1)]; whether it was the knife threat or the crack cocaine/dope was within the province of the jury to decide.
 {¶ 20} Upon review, we find sufficient evidence, if believed, to substantiate the guilty verdict on the sexual battery count, and no manifest miscarriage of justice.
 {¶ 21} Assignment of Error II is denied.
 III {¶ 22} Appellant claims the trial court erred in sentencing him to the maximum sentence. We agree.
 {¶ 23} Although the state concedes that under current Ohio law, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-846, a remand is required, the state argues the sentencing error sub judice is harmless pursuant to Washington v. Recuenco (2006), ___ U.S. ___, 126 S.Ct. 2546.
 {¶ 24} While we acknowledge the holding in the Washington
case, we find under Ohio's sentencing statutes, a remand is required for the limited purpose of resentencing consistent withFoster.
 {¶ 25} Assignment of Error III is granted.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed, but the sentence is vacated and the matter is remanded to said court for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-846.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed, but the sentence is vacated and the matter is remanded to said court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-846. Costs to appellant.