OPINION
{¶ 1} On July 23, 2004, appellant, Jamy Ray Herring, pled guilty to two counts of trafficking in cocaine in violation of R.C. 2925.03 and one count of possession of cocaine in violation of R.C. 2925.11. By judgment entries filed August 26 and 28, 2004, the trial court sentenced appellant to community control sanctions.
 {¶ 2} On September 7, 2004, appellant's probation officer filed a motion to revoke appellant's probation. Appellant stipulated to the probation violations. By judgment entry filed December 3, 2004, the trial court revoked appellant's probation and sentenced him to fourteen months on each of the trafficking counts and ten months on the possession count, to be served consecutively, for a total of thirty-eight months in prison.
 {¶ 3} Appellant appealed to this court, and this court reversed appellant's sentence, finding the trial court failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) during the probation revocation hearing. State v. Herring, Stark App. No. 2005CA00070,2005-Ohio-5823.
 {¶ 4} The trial court conducted a resentencing hearing on December 23, 2005. By judgment entry filed January 9, 2006, the trial court re-imposed the thirty-eight month sentence with the requisite findings.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT EERED IN IMPOSING CONSECUTIVE SENTENCES PURSUANT TO OHIO REVISED CODE SECTION 2929.14(E)(4)."
 II {¶ 7} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 I {¶ 8} Appellant claims the trial court erred in imposing consecutive sentences pursuant to R.C. 2929.14(E)(4).
 {¶ 9} Pursuant to this court's remand for findings under R.C.2929.14(E)(4), the trial court conducted a sentencing hearing, made the requisite findings and resentenced appellant to an aggregate term of thirty-eight months in prison. December 23, 2005 T. at 16-20. On February 8, 2006, appellant filed notices of appeal. During the pendency of these appeals, the Supreme Court of Ohio decided the case ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Foster court held R.C. 2929.14(B) and (C), R.C. 2929.19(B)(2), R.C. 2929.14(E)(4) and R.C.2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences, are unconstitutional. Id. at ¶ 83. The Foster court severed the statutes, and concluded "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 10} Appellant argues because the trial court imposed consecutive sentences pursuant to an unconstitutional statute, his sentence "is void." Appellant's Brief at 6.
 {¶ 11} While we agree in light of Foster, the trial court erred in making the requisite findings as ordered to do so by this court, we find the error to be harmless. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 12} In the case sub judice, the trial court imposed the same sentence, first without and then with the R.C. 2929.14(E)(4) findings. "[T]he error committed by the trial court when it sentenced appellant to consecutive sentences pursuant to R.C. 2929.14(E)(4) benefited appellant and, therefore, was harmless beyond a reasonable doubt. Such an error does not require reversal." State v. Peeks, Franklin App. No. 05AP-1370,2006-Ohio-6256, at ¶ 15.
 {¶ 13} Assignment of Error I is denied.[1]
 II {¶ 14} Appellant claims the trial court erred in sentencing appellant to consecutive sentences.
 {¶ 15} In State v. Mooney, Stark App. No. 2005CA00304, 2006-Ohio-6014, at ¶ 63, this court held the following:
 {¶ 16} "[W]e conclude that post-Foster, this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621."[2]
 {¶ 17} Appellant argues his case was not unusual to warrant consecutive sentences and "was a run of the mill trafficking offense." Appellant's Brief at 7. Appellant also argues two of the offenses were part of the same course of conduct and therefore the sentences should have been run concurrently.
 {¶ 18} Appellant's offenses included two for trafficking and one for possession. The trial court did not sentence appellant to the maximum sentences. During the sentencing hearing at 20, the trial court noted the severity of the multiple offenses:
 {¶ 19} "I take very seriously and view very seriously the trafficking in controlled substances.* * * [B]ecause I find that trafficking is extremely serious and there were two of these and that then goes back to the multiple offenses to commit as part of one or more courses of conduct, again going back to the proximity in time in which these offenses were committed and Mr. Herring pled guilty to those."
 {¶ 20} The possession offense occurred on April 21, 2004 and the trafficking offenses occurred on May 24, 2004 and June 13, 2004, three separate dates in three separate months. While the trial court noted "multiple offenses to commit as part of one or more courses of conduct," the trial court did not find the offenses were part of the same course of conduct.
 {¶ 21} "In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." Mooney, at ¶ 68.
 {¶ 22} Upon review, we find the trial court did not abuse its discretion in imposing consecutive sentences.
 {¶ 23} Appellant also argues the consecutive nature of the sentences violate R.C. 2929.41(A). The Foster court at paragraph three of the syllabus found said section to be unconstitutional.
 {¶ 24} Assignment of Error II is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. By Farmer, J. Gwin, P.J. and Wise, J. concur.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] We distinguish the case sub judice from our decision in State v.Thomas, Stark App. No. 2005CA00273, 2006-Ohio-5862, wherein this writer acknowledged the harmless error argument, but nonetheless remanded the case for resentencing. The Thomas case involved an original sentence only. The case sub judice involves an original sentence and then the imposition of the identical sentence after remand forFoster.
[2] This writer notes the Mooney case, authored by the Honorable W. Scott Gwin, contains a thorough examination and analysis of consecutive sentencing before and after Foster.