OPINION AND JUDGMENT ENTRY *Page 2 
{¶ 1} On May 19, 2008, Petitioner Barry L. Thomas filed a pro se petition for writ of habeas corpus with this Court. The petition is brought against Michele Eberlin, Warden of the Belmont Correctional Institution. On July 9, 2008, respondent filed a motion to dismiss. For the following reasons, we sustain respondent's motion and dismiss this petition for writ of habeas corpus.
 {¶ 2} Petitioner alleges that he is a prisoner in the Belmont Correctional Institution. He contends that certain persons somehow conspired against him and deprived him of a variety of civil rights when he was tried for rape, kidnapping and sexual battery in Stark County, Ohio, where he was convicted on the sexual battery charge. He raises vague challenges as to conflicts of interest, problems with his preliminary hearing, the voluntariness of a waiver he signed, and whether his counsel was constitutionally ineffective. He appears to question whether the double jeopardy clause of the Fifth Amendment applies to his case, however, it is difficult to find any cogent line of argument in the petition.
 {¶ 3} Respondent argues that Petitioner was convicted of sexual battery in 2005, and received a five-year prison term. Petitioner appealed, and the case was remanded to the trial court for resentencing.State v. Thomas, 5th Dist. No. 2005CA00273, 2006-Ohio-5862. On November 30, 2006, Petitioner was resentenced to serve a five-year prison term.
 {¶ 4} Respondent presents at least three reasons why this petition should be dismissed. First, Respondent argues that Petitioner failed to attach a copy of his *Page 3 
commitment papers to his petition for writ of habeas corpus. R.C. 2725.04 states that:
 {¶ 5} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 6} "* * *
 {¶ 7} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 8} Failure to attach copies of commitment papers, such as the judgment entry of sentence, as part of the original filing of the petition for habeas corpus requires the dismissal of the petition.Bloss v. Rogers (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602. These documents are necessary for a complete understanding of the petition, and without them the petition is fatally defective. Id. Although Petitioner filed what was labeled as an amendment to his petition on July 15, 2008, this document also failed to include any commitment papers. Further, this failure to include commitment papers with the initial petition for writ of habeas corpus cannot be cured by later submissions or amendments to the petition. Boyd v. Money (1998),82 Ohio St.3d 388, 696 N.E.2d 568. For this reason, the petition must be dismissed.
 {¶ 9} Second, Respondent argues that Petitioner had an adequate alternative legal remedy by which to raise his claims. Habeas corpus is an extraordinary remedy, available only in situations where there is the unlawful restraint of a person's liberty and when there is no adequate legal remedy available, such as *Page 4 
direct appeal or postconviction relief. State ex rel. Harris v.Anderson (1996), 76 Ohio St.3d 193, 194, 667 N.E.2d 1. Habeas is not a substitute for direct appeal or postconviction relief. Daniel v.State, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 8. The issues Petitioner is raising concerning evidence, conflicts of interest, double jeopardy with respect to a lesser-included offense, and ineffective assistance of counsel, all could have been raised in a direct appeal or in postconviction relief proceedings. Additionally, habeas corpus may only be used to challenge the jurisdiction of the sentencing court. Wireman v. Ohio Adult Parole Auth. (1988),38 Ohio St.3d 322, 528 N.E.2d 173. If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. Tucker v.Collins (1992), 64 Ohio St.3d 77, 78, 591 N.E.2d 1241. For these reasons, the petition must be dismissed.
 {¶ 10} Third, Respondent points out that Petitioner failed to include a detailed list of all previous lawsuits and appeals he has filed within the past five years, as required by R.C. 2969.25(A). The list must contain a description of the action, the case name and number, the court, the name of the parties, the outcome, and whether the case was deemed frivolous. Petitioner himself refers to the fact that he appealed his conviction and that the case was remanded for resentencing. Thus, the detailed list of lawsuits should have included at least one item. Failure to abide by the requirements of R.C. 2969.25(A) requires the dismissal of the petition.
 {¶ 11} Respondent also argues that Petitioner has violated R.C. 2969.22(C), which sets forth the requirements for an inmate to waive the payment of filing fees for *Page 5 
any civil action against any government entity or employee. Respondent has not paid his filing fees, and has not filed an affidavit of waiver or an affidavit of indigency. Nevertheless, we have held that R.C. 2969.22(C) does not require an affidavit of waiver and an affidavit of indigency to be filed at the same time that the petition is filed (unlike other items, such as commitment papers, which must be filed at the same time the petition is filed). Richards v. Eberlin, 7th Dist. No. 04-BE-1, 2004-Ohio-2636. Failure to file the affidavits at the same time as the petition of writ of habeas corpus is not a basis for dismissal of the petition.
 {¶ 12} Respondent has successfully argued three reasons why this petition must be dismissed: the petition did not include the inmate's commitment papers; the petition did not challenge the jurisdiction of the sentencing court and refers only to issues that have adequate legal remedies in other forums such as direct appeal; and Petitioner failed to included the required list of all previous lawsuits and appeals filed within the past five years. For all these reasons, we sustain Respondent's motion to dismiss. Petition dismissed.
 {¶ 13} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., concurs. Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1