[Cite as *Wilson v. Miller*, 2012-Ohio-1303.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CURTIS WILSON ex rel. | ) | CASE NO. 12 BE 6 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MICHELLE MILLER, WARDEN | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:                                      Dismissed.

APPEARANCES:

For Relator:                                     Curtis Wilson, Pro se
                                                       #231-899
                                                       Belmont Correctional Institution
                                                       P.O. Box 540
                                                       St. Clairsville, Ohio  43950


For Respondent:                              Atty. Mike DeWine
                                                       Attorney General of Ohio
                                                       Atty. Maura O'Neill Jaite
                                                       Senior Assistant Attorney General
                                                       Criminal Justice Section
                                                       150 East Gay Street, 16th Floor
                                                       Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                                       Dated:  March 21, 2012

PER CURIAM.

{¶1}  Petitioner Curtis Wilson has filed a pro se petition for writ of habeas corpus with this Court.  Petitioner was convicted in Cuyahoga County in 1991 of rape and kidnapping, and was sentenced to two terms of 10-25 years of imprisonment, to be served concurrently.  He is currently an inmate at the Belmont County Correctional Institution.  Respondent Michele Miller is the warden of the prison.

{¶2}  Petitioner was granted parole in October of 2007.  On April 30, 2009, he was arrested as a parole violator for possessing a loaded handgun, bullets, handcuffs, mace, knives, and marijuana.  He pleaded guilty to the parole violation.  On May 27, 2009, the Ohio Adult Parole Authority ("APA") revoked his parole and imposed as a sanction the requirement that he must serve 24 months of incarceration before being eligible to be again considered for parole.  On April 28, 2011, the Ohio Parole Board ("OPB") reviewed Petitioner's status and continued his incarceration until November 26, 2015, the maximum expiration date of his 10-25 year prison term.

{¶3}  Petitioner filed this action on February 21, 2012.  Respondent has filed a motion to dismiss, and that motion is now before us.  Petitioner contends that the OPB violated the constitutional separation of powers doctrine by imposing additional prison time to his sentence, and that he should be released from prison for that reason.  We cannot reach the merits of this argument because Petitioner failed to complete the necessary steps for filing a petition for writ of habeas corpus.  He failed to file all of the pertinent commitment papers.  He also failed to file the necessary documents to obtain a waiver of the filing fee for his petition.  Both of these errors require dismissal of the petition.  However, even if we were to reach the merits of his

petition, we could not grant relief. The APA has not added prison time to his sentence. It has only reimposed the original sentence that he received in 1991. A habeas petitioner has no absolute right to be released until the expiration of the maximum sentence, and the discretionary actions of the APA and OPB are not reviewable in habeas proceedings. For these reasons and those that follow, we grant Respondent's motion and the petition for writ of habeas corpus is dismissed.

**{¶4}** R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10. If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992).

**{¶5}** A habeas petition may be dismissed on the pleadings under Civ.R. 12(C), or for failure to state a cognizable claim under Civ.R. 12(B)(6), when there are

no viable factual grounds for relief or relief is legally prohibited, even after the allegations in the pleadings are accepted as true and all reasonable inferences are drawn in favor of the petitioner. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994); *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by court. *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2382, ¶5.

{¶6} Before we can reach the merits of a habeas petition, we must examine whether the petition meets the statutory filing requirements. Petitioner has failed to file all of his pertinent commitment papers with his petition. Specifically, he did not attach commitment papers regarding his February 20, 1991, convictions. R.C. 2725.04 states that:

{¶7} Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

{¶8} * * *

{¶9} (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the

imprisonment or detention is without legal authority, such

fact must appear.

**{¶10}** Failure to attach copies of commitment papers, such as the judgment entry of sentence, as part of the original filing of the petition for habeas corpus requires the dismissal of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). Attaching only some of the paperwork is insufficient; the petitioner must attach all of the relevant commitment papers or the petition is defective. *See State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 2002-Ohio1629, 765 N.E.2d 356. As the Ohio Supreme Court explained: "These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss*, *supra*.

**{¶11}** Failure to file all the pertinent commitment papers cannot be cured by filing them at some later point in the habeas proceedings. *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998).

**{¶12}** Without the commitment papers from his 1991 conviction, we cannot review his petition. For this reason, the petition must be dismissed.

**{¶13}** Additionally, Petitioner has not paid the filing fee for the petition, nor has he attached the necessary documentation to request a waiver of the filing fee. R.C.

2969.25(C) requires an inmate filing a civil action against a government entity to file an affidavit of indigency in order to have prepayment of full filing fees waived. This affidavit must contain a statement of the balance in the inmate's account for each of the six months prior to filing the civil action, and the statement must be certified by the institutional cashier. The affidavit must also contain a statement setting forth all cash and other things of value owned by the inmate. These requirements are mandatory for proper filing of the action in cases where filing fees are not prepaid. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997); *Harman v. Wellington*, 7th Dist. No. 00CA248 (Dec. 20, 2001); *State ex rel. Jones v. Vivo*, 7th Dist. No. 00CA273 (June 27, 2001). Here, the filing fees were not prepaid. Petitioner's account statement does not include the six months prior to filing this action. The account statement is not certified by an institutional cashier. Petitioner has not included an asset disclosure statement. For these reasons, the petition must be dismissed.

{¶14} Even if could reach the merits of Petitioner's arguments, we could not grant relief. Petitioner appears to be challenging the constitutionality of R.C. 2967.11, which was repealed in 1996. The former statute allowed the OPB to impose a "bad time" extension on a prisoner's original prison term for offenses that would constitute a crime pursuant to Ohio or federal law, regardless of whether the prisoner was actually prosecuted for the offense. The statute was declared unconstitutional under the separation of powers doctrine in *State ex rel. Bray v.*

*Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000). Petitioner is alleging that such a violation took place in this case.

**{¶15}** The argument Petitioner is making is not cognizable in habeas proceedings. We have previously evaluated the same issue being raised by Petitioner in *State v. Stout*, 7th Dist. No. 283, 2000 WL 1876269 (Dec. 22, 2000):

> **{¶16}** Petitioner asserts that R.C. 2967.11 has been found to violate the doctrine of separation of powers and is unconstitutional under *State ex rel. Bray v. Russell* (2000), 89 Ohio St.3d 132, 729 N.E.2d 359, [.] * * * Petitioner believes that he has been denied parole and given an additional sentence[.]
>
> **{¶17}** * * *
>
> **{¶18}** "There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of "liberty" if state law makes the parole decision discretionary. *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; *State ex rel. Ferguson v. Ohio Adult Parole Auth.* (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675.

**{¶19}** Under R.C. 2967.03, the parole decision is discretionary. *Blake, supra; Ferguson, supra.* * * * Thus, [Petitioner] was deprived of no protected liberty interest when he was denied parole, and can claim no due process rights with respect to the parole determination. *Jago v. Van Curen* (1981), 454 U.S. 14, 20-21, 102 S.Ct. 31, 35, 70 L.Ed.2d 13, 19."

**{¶20}** Petitioner's maximum sentence is not due to expire until approximately May of 2010, less credited time served. Since under Ohio law the parole board decisions are discretionary, Petitioner has no absolute right to be released until the expiration of his maximum sentence.

**{¶21}** For all the reasons cited above, Petitioner's Petition for Writ of Habeas Corpus is without merit. *Id.* at *1-2.

**{¶22}** Petitioner, similar to the petitioner in *Stout*, is challenging the discretionary action of the OPB regarding his eligibility for parole. "Testing the constitutionality of parole eligibility requirements * * * is not cognizable in state habeas corpus." *Ridenour v. Randle*, 96 Ohio St.3d 90, 2002-Ohio-3806, 771 N.E.2d 859, ¶7. Since the discretionary action of OPB has not increased Petitioner's maximum term of imprisonment, and that term of imprisonment has not yet expired, he has no basis for relief through a habeas proceeding.

**{¶23}** Because Petitioner has not met the filing requirements for us to review his petition and because he has not stated a viable claim for relief, we sustain Respondent's motion. This petition for writ of habeas corpus is hereby dismissed.

**{¶24}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Vukovich, J., concurs.

DeGenaro, J., concurs.