[Cite as *Dykes v. Miller*, 2012-Ohio-2473.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LONNIE A. DYKES, | ) | |
| | ) | CASE NO. 12 BE 1 |
| PETITIONER, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| MICHELE MILLER, WARDEN | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Petition Dismissed.

APPEARANCES:

For Petitioner:

Lonnie A. Dykes, Pro-se
Inmate #A527870
Belmont Correctional Institution
68518 Bannock Rd., SR 331
St. Clairsville, OH  43950

For Respondent:

Mike DeWine
Ohio Attorney General
Maura O'Neill Jaite
Senior Asst. Attorney General
Ohio Attorney General's Office
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated: June 1, 2012

PER CURIAM:

{¶1} Pro-se Petitioner, Lonnie A. Dykes has filed a petition for writ of habeas corpus with this Court. Dykes asserts he is being unlawfully held in the Belmont Correctional Institution after the expiration of his lawful prison term. Respondent Michele Miller is the warden of the prison.

{¶2} Dykes was convicted of second-degree felony burglary on November 14, 1994, and sentenced to a term of 5-15 years imprisonment, with credit for 90 days served. On October 11, 1995, the trial court granted Dykes "shock probation," pursuant to former R.C. 2947.061(B), whereby his sentence was suspended and he was placed on five years of probation. While on probation, Dykes committed a new offense and on August 1, 2000, was convicted of fifth-degree felony breaking and entering in Franklin County and sentenced to 11 months in prison.

{¶3} After serving his 11-month sentence, Dykes pled guilty to several probation violations in the 1994 Richland County case. As a result, on May 16, 2001, the Richland County Common Pleas Court revoked Dykes' probation and imposed the original 5-15 year prison sentence with credit for all time served since the original conviction, including time served in the Franklin County breaking and entering case.

{¶4} Dykes was paroled on June 2, 2003. While on parole, on September 21, 2004, he was convicted of one count of third-degree felony burglary by the Franklin County Court of Common Pleas and sentenced to one year in prison. His parole on the 1994 Richland County case was revoked.

{¶5} After serving additional prison time, Dykes was once again paroled on August 1, 2005. On August 2, 2006, while on parole, Dykes was convicted of one count of second-degree felony burglary by the Franklin County Court of Common Pleas and sentenced to five years in prison. His parole on the 1994 Richland County case was again revoked. Currently, Dykes remains imprisoned in the Belmont Correctional Institution pursuant to the 5-15 year prison sentence he received in the 1994 Richland County case. The Ohio Department of Rehabilitation and Correction (ODRC) calculated Dykes' maximum sentence expiration date as October 23, 2013.

{¶6} Dykes filed this action on January 12, 2012. The warden filed a motion to dismiss and/or motion summary judgment on February 3, 2012. The motion contained some exhibits that were not included as attachments to Dykes' petition, including pertinent judgment entries from his 2000, 2004 and 2006 Franklin County convictions. Dykes did not file a response.

{¶7} Civ.R. 56 governs summary judgment procedure in habeas corpus proceedings. *Palmer v. Ghee*, 117 Ohio App.3d 189, 195, 690 N.E.2d 73 (3d Dist.1997). Summary judgment is proper when: (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C).

{¶8} Dykes contends that his original sentencing entry in the 1994 Richland County is "void" because that judgment "resulted from a vital flaw in contravention to the statutory provisions of Senate Bill 2 in connection with O.R.C. 2967.28 [the post-release control statute]." He also contends he is being unlawfully held past the maximum sentence expiration date for the 1994 Richland County conviction. We cannot reach the merits of these arguments because Dykes failed to complete the necessary steps for filing a petition for writ of habeas corpus. He failed to file all of the pertinent commitment papers. He also failed to file all documents necessary to obtain a waiver of the filing fee for his petition. Both of these errors require dismissal of the petition. However, even if we were to reach the merits of his petition, we could not grant relief. Dykes alleges a sentencing error that is not cognizable in habeas corpus. Further, Dykes has not demonstrated that he is entitled to immediate release from prison. For these reasons and those that follow, we grant the warden's motion and dismiss Dykes' petition.

{¶9} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is

no adequate legal remedy at law, such as a direct appeal or post-conviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10. If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992).

{¶10} First, we must address the technical flaws with Dykes' petition. R.C. 2725.04(D) requires the petitioner to file all the pertinent commitment papers relating to the petition. Dykes failed to do this. The Ohio Supreme Court has held that: "[t]hese commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶11} Here, although Dykes attached the November 15, 1994 sentencing order from the Richland County burglary case and the May 16, 2001 probation revocation order concerning that same case, he failed to attach any commitment papers pertaining to his parole or concerning his 2000, 2004 and 2006 Franklin County convictions and sentences. Since Dykes is asking to be released from prison, the parole records and final sentencing entries are necessary to determine whether Dykes is entitled to habeas relief and immediate release from confinement. The fact that the warden filed some of the missing commitment papers as part of its summary judgment motion does not cure the deficiency in Dykes' petition. For these reasons, his petition must be dismissed.

{¶12} Additionally, Dykes has not paid the filing fee for the petition, nor has he attached all of the necessary documentation to request a waiver of the filing fee. R.C. 2969.25(C) requires an inmate filing a civil action against a government entity to file an

affidavit of indigency in order to have prepayment of full filing fees waived, which must contain a statement of the balance in the inmate's account for each of the six months prior to filing the civil action, and the statement must be certified by the institutional cashier. Additionally, the affidavit must contain a statement setting forth all cash and other things of value owned by the inmate. These requirements are mandatory for proper filing of the action in cases where filing fees are not prepaid. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997); *Wilson v. Miller*, 7th Dist. No. 12 BE 6, 2012-Ohio-1303, ¶13.

**{¶13}** Here, although Dykes attached a fee waiver request affidavit and indigency affidavit to his petition, his inmate account statement is not certified by the institutional cashier, his inmate account statement does not cover all of the preceding six months and he did not attach an asset disclosure statement as required by R.C. 2969.25(C)(2). These reasons also require dismissal of the petition.

**{¶14}** Even if we could reach the merits of Dykes' petition, we would nonetheless deny relief. Dykes first appears to assert that his sentencing entry in the 1994 case is erroneous because it does not contain a post-release control provision. This alleges a sentencing error, which is not cognizable in habeas corpus. *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998). *See, also*, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶53 (sentencing errors regarding improper imposition of post-release control not cognizable in habeas.) The proper forum to raise and review sentencing errors and sentencing entry defects is a direct appeal or post-conviction relief action. *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997).

**{¶15}** Moreover, Dykes' sentence was imposed in 1994, prior to the enactment of R.C. 2967.28, the post-release control statute, and he was never subject to post-release control. He was first released under old "shock probation" laws and subsequently paroled. R.C. 2967.28 explicitly contemplates post-release control requirements only for sentences imposed after the statute's effective date. The Ohio Supreme Court has also held that the amended sentencing provisions in Am. Sub. S.B. No. 2 do not apply to

persons convicted and sentenced before July 1, 1996. *See, e.g., State ex rel. Lemmon v. Ohio Adult Parole Authority*, 78 Ohio St.3d 186, 188, 677 N.E.2d 347 (1997).

{¶16} Further, Dykes has not demonstrated that he is entitled to immediate release. He has not presented any evidence, aside from his own self-serving affidavits and a May 25, 2011 letter from the sentencing judge, to support his assertion that the October 23, 2013 maximum sentence expiration date set by ODRC is erroneous. In that letter, which was attached to Dykes' petition as an exhibit, the judge indicated, "as far as I am concerned you have completed your entire sentence on the Richland County case." However, this opinion fails to account for the fact that the time Dykes spent out of prison under prior law "shock probation," specifically from October 11, 1995 to May 15, 2011, does not count towards the original 5-15 year sentence. His sentence during that time was suspended. *See* former R.C. 2947.061(B).

{¶17} Accordingly, the warden's motion for summary judgment is granted. Dykes' request for a writ of habeas corpus is denied. Petition dismissed.

{¶18} Costs taxed against Dykes. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

_____
JUDGE MARY DeGENARO

_____
JUDGE CHERYL L. WAITE

_____
JUDGE JOSEPH J. VUKOVICH