OPINION
{¶ 1} Appellant James Herring appeals the consecutive sentences imposed by the Stark County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On May 28, 2004, the Stark County Grand Jury indicted appellant on one count of possession of cocaine. During the pendency of that case, two additional charges of trafficking in cocaine were filed against appellant. The two additional charges had been bound over to the Stark County Grand Jury when appellant decided to enter a guilty plea to the charge of possession of cocaine. Appellant also plead guilty to separate bills of information on the two trafficking charges. The trial court deferred sentencing pending the completion of a pre-sentence investigation report.
 {¶ 3} On August 20, 2004, appellant appeared, before the trial court, for his sentencing hearing. At this hearing, the trial court sustained appellant's motion for probation and imposed a community control sanction for three years. The trial court warned appellant that it would impose consecutive prison terms, for the three charges, for an aggregate prison term of thirty-eight months, if he violated the terms and conditions of his probation that resulted in the revocation of the community control sanction.
 {¶ 4} Less than one month after the imposition of sentence, appellant's probation officer filed a motion to revoke his probation. At the revocation hearing, appellant opted to waive his evidentiary hearing and stipulated to the probation violations. Thereafter, the trial court revoked the community control sanction and imposed the thirty-eight month sentence.
 {¶ 5} Appellant filed three separate appeals from each of the three cases. This Court dismissed the appeal in Case No. 2005CA00083 for failure to file a complete docketing statement. However, upon reconsideration, we reinstated the appeal in Case No. 2005CA00083 and consolidated the appeal with Case Nos. 2005CA00070 and 2005CA00080. Appellant sets forth the following sole assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES."
 I {¶ 7} In his sole assignment of error, appellant maintains the trial court's imposition of consecutive sentences is contrary to law because the trial court failed to make the requisite findings in support of its imposition of consecutive sentences. We agree.
 {¶ 8} Prior to addressing the merits of appellant's argument, we first address the issue of appealability of consecutive sentences. R.C. 2953.08(C) and App.R. 5(D) allow only a discretionary appeal from the imposition of consecutive sentences. R.C. 2953.08(C) provides as follows:
 {¶ 9} "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."
 {¶ 10} App.R. 5(D)(1) and (2) also address the appeal of consecutive sentences and provide as follows:
 {¶ 11} "(D)(1) Motion by defendant for leave to appealconsecutive sentences pursuant to R.C. 2953.08(C)
 {¶ 12} "When leave is sought from the court of appeals for leave to appeal consecutive sentences pursuant to R.C.2953.08(C), a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the reason why the consecutive sentences exceed the maximum prison term allowed. The motion shall be accompanied by a copy of the judgment and order stating the sentences imposed and stating the offense of which movant was found guilty or to which movant pled guilty. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the notice of appeal and a copy of the motion to the clerk of the court of appeals who shall serve the notice of appeal and the motion upon the prosecuting attorney."
 {¶ 13} "(D)(2) Leave to appeal consecutive sentencesincorporated into appeal as of right
 {¶ 14} "When a criminal defendant has filed a notice of appeal pursuant to App.R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and this assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C)."
 {¶ 15} Appellant's appeal challenges only the imposition of a consecutive sentence. This Court has previously held that failure to move for leave to appeal from a consecutive sentence that qualifies under R.C. 2953.08(C) deprives the appellate court of jurisdiction to review the legality of the consecutive sentence. See State v. Andrukat, Stark App. No. 2001CA00324, 2002-Ohio-1862. However, we subsequently held in State v.Willis, Delaware App. No. 02CA-A-07-037, 2003-Ohio-2036, that even where the defendant did not seek leave to appeal as required by R.C. 2953.08(C) and App.R. 5(D), we would address the legality of the consecutive sentences because defendant asserted on appeal that his consecutive sentences were contrary to law.
 {¶ 16} In the case sub judice, appellant characterizes his challenge to the imposition of consecutive sentences as contrary to law. Thus, pursuant to our decision in Willis, we have jurisdiction to address the merits of appellant's appeal.
 {¶ 17} Appellant challenges the imposition of consecutive sentences on the basis that the trial court failed to comply with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). These statutes provide as follows:
 {¶ 18} R.C. 2929.14(E)(4):
 {¶ 19} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 20} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 21} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 22} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 23} The above cited statute must be read in conjunction with R.C. 2929.19(B)(2)(c), which provides as follows:
 {¶ 24} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 " * * * {¶ 25} "(c) If it imposes consecutive sentences under Section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 26} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court held that pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Id. at 467.
 {¶ 27} We have previously held that a trial court need not revisit the required R.C. 2929.14(E)(4) factors where the community control sanction is revoked and a prison term imposed if the trial court made the requisite findings at the original sentencing hearing. State v. Carouthers (July 30, 2001), Licking App. No. 01-CA-0010, at 2-3; State v. Williams (May 11, 2001), Richland App. No. 00-CA-55, 00-CA-56, at 2.
 {¶ 28} In the case sub judice, the trial court did not make the R.C. 2929.14(E)(4) findings at the original sentencing hearing. Instead, the trial court warned appellant what the sentence would be if he were to violate his community control sanction that resulted in revocation. Therefore, the trial court was required to make the R.C. 2929.14(E)(4) findings at appellant's probation revocation hearing prior to imposing the thirty-eight month sentence. The trial court, however, did not make the requisite findings or state its reasons in support of those findings at the probation revocation hearing. Therefore, we remand this matter, to the trial court, for resentencing.
 {¶ 29} Appellant's sole assignment of error is sustained.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee State of Ohio.