OPINION
{¶ 1} Appellant Todd C. Hon appeals his sentence entered by the Delaware County Court of Common Pleas.
 STATEMENT OF THE CASE {¶ 2} On November 13, 2004, a one count Bill of Information was filed in the Delaware County Court of Common Pleas charging Appellant with one count of Possession of drugs with a forfeiture specification, in violation of R.C. 2925.11, a felony of the fifth degree.
 {¶ 3} On the same day, Appellant waived his right to have the matter presented to the Grand Jury and entered a plea of guilty to the Bill of Information.
 {¶ 4} The trial court referred Appellant to the Adult Parole Authority for a pre-sentence investigation.
 {¶ 5} A sentencing hearing was held on December 20, 2004, wherein the trial court sentenced Appellant to a period of community control sanctions for a period of time not to exceed five (5) years. The Judgment Entry, filed January 6, 2005, stated:
 {¶ 6} "It was further ordered that a violation of the sentence may lead to a longer or more restrictive sanction or sanctions, up to and including a prison term of Twelve (12) months."
 {¶ 7} On January 3, 2005, the State of Ohio filed a motion to terminate Appellant's community control sanctions for an alleged failure to comply with the terms of those sanctions in that he failed to report his whereabouts.
 {¶ 8} On March 10, 2005, a hearing was held wherein the trial court found that Appellant had violated his community control sanctions by failing to report to the Probation Department as ordered. The trial court terminated his community control sanctions and sentenced Appellant to a definite term of twelve (12) months, the maximum sentence for a fifth degree felony.
 {¶ 9} The Court journalized its entry on March 31, 2005.
 {¶ 10} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED A PRISON TERM ON THE DEFENDANT/APPELLANT FOR A COMMUNITY CONTROL SANCTION VIOLATION WITHOUT HAVING PREVIOUSLY NOTIFIED THE DEFENDANT/APPELLANT AT THE TIME OF SENTENCING OF THE SPECIFIC PRISON TERM THAT COULD BE IMPOSED FOR A VIOLATION OF THE COMMUNITY CONTROL SANCTIONS.
 {¶ 12} "II. THE TRIAL COURT COMMITTED ERROR IN IMPOSING A MAXIMUM PRISON SENTENCE ON THE DEFENDANT/APPELLANT WITHOUT MAKING ANY OF THE FINDINGS REQUIRED BY SECTION 2929.14(C) O.R.C."
 I., II. {¶ 13} Appellant claims the trial court erred in sentencing.
 {¶ 14} The Ohio Supreme Court, in its recent decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, reviewed Ohio's current sentencing law in light of Blakely v.Washington, 542 U.S. 296, 124 S.Ct. 2538, Apprendi v. NewJersey, 530 U.S. 466, 120 S.Ct. 2348, and Ring v. Arizona
(2002, 536 U.S. 584, 122 S.Ct. 2428, and held as follows:
 {¶ 15} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B), 2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C.2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders.
 {¶ 16} "This approach conforms to the Geiger standard. Excising the unconstitutional provisions does not detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender. See R.C. 2929.11(A). The excised portions remove only the presumptive and judicial findings that relate to "upward departures," that is the findings necessary to increase the potential prison penalty. We add no language and the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place.
 {¶ 17} "We therefore hold that R.C. 2929.14(B) and (C) and2929.19(B)(2) are capable of being severed. After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. We further hold that R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms. Finally, we hold that R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies.
 {¶ 18} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity. Indeed, the dissenters inBlakely fretted that as a result of the Apprendi expansion, "[o]ver 20 years of sentencing reform are all but lost * * *."542 U.S. at 326, 124 S.Ct. 2531, 159 L.Ed.2d 403 (O'Connor, J., dissenting). It may well be that in future the Ohio Criminal Sentencing Commission may recommend Blakely-compliant statutory modifications to the General Assembly that will counteract these, among other, concerns. Nevertheless, we are constrained by the principles of separation of powers and cannot rewrite the statutes.
 {¶ 19} "Significantly, the severance remedy preserves "truth in sentencing," a fundamental element of S.B. 2. Because offenders will continue to be sentenced to a specific prison term, all parties and the victim of the crime will know at the time of sentencing exactly what sanction that the court is imposing on the defendant. Moreover, S.B. 2 established an entirely new framework for felony sentencing in Ohio, and the breadth of its reforms is wide. For example, the legislation recategorized numerous felonies, added various sentence enhancing specifications, permitted courts to use residential and nonresidential sanctions in lieu of a prison term, required a definite term of imprisonment, and created the option of a life sentence without the possibility of parole. The overwhelming majority of those reforms survive today's constitutional decision.
 {¶ 20} "Severance also is the remedy that will best preserve the paramount goals of community safety and appropriate punishment and the major elements of our sentencing code. Removing presumptive terms and preserving the remainder of the sentencing provisions of the Code will most effectively preserve the General Assembly's goal of truth in sentencing. However tempting it may be for this court to reconfigure the sentencing code to cause the least impact on our criminal justice system, we must adhere to our traditional judicial role. Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits."
 {¶ 21} In the case sub judice, the sentence was based on unconstitutional statutes. When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. See, e.g., State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the offender).
 {¶ 22} In Foster, supra, the Supreme Court has directed that all cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion."
 {¶ 23} In addressing the need for resentencing, the Supreme Court went on to state:
 {¶ 24} "We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 25} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328.
 {¶ 26} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Id.,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ("`[a] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')."
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby reversed. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
Boggins, J., Gwin, P.J., and Edwards, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed and remanded. Costs to Appellee.