OPINION
{¶ 1} Defendant-appellant Denzil E. Wilson, Jr. appeals from the June 16, 2005, and October 6, 2004, Judgment Entries of the Muskingum County Court of Common Pleas. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 30, 2004, appellant entered a plea of guilty to a bill of information which charged appellant with one count of gross sexual imposition, in violation of R.C. 2907.05(A), a fourth degree felony. In exchange for appellant's plea of guilty, appellee recommended that appellant be placed on community control.
 {¶ 3} Following the preparation of a pre-sentence investigation, appellant appeared for sentencing on October 4, 2004. After listening to the testimony of the pre-sentence investigator, appellant was classified as a sexually oriented offender and placed on community control for a period of three years. The trial court informed appellant that if he violated the terms and conditions of community control, the trial court would impose a prison sentence of 18 months.
 {¶ 4} On May 9, 2005, appellant pled guilty to an indictment on one count of burglary. On June 13, 2005, appellant appeared in court to respond to a motion that alleged that he had violated the terms and conditions of his community control by reason of the new burglary conviction. At that time, appellant waived his right to a two-part hearing and pled guilty to the allegations in the motion. After hearing the report of a pre-sentence investigator, the trial court sentenced appellant to a prison term of 18 months.[1]
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT PROCLAIMED ON OCTOBER 4, 2004, (AND SUPPLEMENTED BY COURT ENTRY DATED OCTOBER 6, 2004) IT WOULD SENTENCE APPELLANT TO THE MAXIMUM TERM OF EIGHTEEN MONTHS AS AN ALTERNATIVE SENTENCE WHILE PLACING APPELLANT ON COMMUNITY SANCTIONS.
 {¶ 7} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED ON APPELLANT ON JUNE 13, 2005, (AND SUPPLEMENTED BY COURT ENTRY DATED JUNE 16, 2005) FOLLOWING A COMMUNITY CONTROL VIOLATION HEARING, THE MAXIMUM TERM OF EIGHTEEN MONTHS SENTENCE."
 I {¶ 8} In the first assignment of error, appellant contends that at the October 4, 2004, hearing, the trial court failed to make the necessary findings to impose more than a minimum sentence or the required findings to impose a maximum sentence. See R.C. 2929.14(B) (C). However, this Court has held that appeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for such violation. See State v. Willis, Fairfield App. No. 05 CA 42,2005-Ohio-6947.
 {¶ 9} Appellant's first assignment of error is overruled.
 II {¶ 10} In the second assignment of error, appellant raises the same assignment of error and presents the same arguments as in assignment of error I but in regard to the June 13, 2005, hearing. Specifically, appellant contends that the trial court failed to make the necessary findings to impose more than a minimum sentence or the required findings to impose a maximum sentence, pursuant to R.C. 2929.14(B) (C). The State concedes that the trial court did not make the required findings explicitly. We find that we must reverse and remand for resentencing, but for a different reason than the reason argued by appellant.
 {¶ 11} At the time that appellant's community control was revoked and appellant was sentenced to serve a term of incarceration, Ohio law required a sentencing court to make findings pursuant to R.C. 2929.14(B) and (C) when imposing non-minimum sentences on persons who had not served a prison term previously and when imposing maximum sentences. This was so even if the defendant was being sentenced for violating community control conditions and the findings had not been made at the time that the defendant was originally placed on community control.State v. Herring, Stark App. Nos. 2005 CA 00070, 2005 CA 00080, 2005 CA 00083, 2005-Ohio-5823, See also State v. Daniels, Stark App. No. 2001CA00375, 2002-Ohio-3694; In accord, State v. Hon,
Delaware App. No. 05-CAA-04-023, 2006-Ohio-1668; State v.Schnuck (Sept. 25, 2000), Tuscarawas App. No. 2000AP020017.
 {¶ 12} The Ohio Supreme court held that sections (B) and (C) of R.C. 2929.14 are unconstitutional in State v. Foster, 109, Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 and State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. InFoster, supra, the Ohio Supreme Court held that the requirement that a sentencing court make certain judicial findings and state its reasons before imposing more than minimum sentences on persons who have never served a prison term or maximum sentences violated the U.S. Constitution. As such, sections (B) and (C) of R.C. 2929.14, which required those findings, were severed and excised in their entirety. Id. at ¶ 97. The Court mandated that its holdings be applied to all cases on direct review and that those cases be remanded for new sentencing hearings conducted in accordance with the dictates of Foster. Foster at ¶ 104 and 106; Mathis, at ¶ 36.
 {¶ 13} Accordingly, since appellant was sentenced pursuant to portions of a statute which were found to be unconstitutional, appellant's second assignment of error is sustained, on an alternative basis.
 {¶ 14} The judgment of sentence of the Muskingum County Court of Common Pleas is reversed. This matter is remanded for resentencing in accordance with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 and this opinion.
Edwards, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is reversed and remanded. Costs assessed to appellee.
[1] As to the count of burglary, appellant was sentenced to a prison term of ten months, to be served consecutively to the sentence imposed in this case.