[Cite as *State v. Schuttera*, 2018-Ohio-3305.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ANDREW SCHUTTERA | : | Case No. 18-COA-007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                     Pleas, Case No. 15 CRI 001


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    August 15, 2018


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

CHRISTOPHER R. TUNNELL                      RUTH R. FISCHBEIN-COHEN
110 Cottage Street                          3552 Severn Road
Ashland, OH  44805                          Cleveland, OH  44118

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Andrew Schuttera, appeals his January 17, 2018 sentence by the Court of Common Pleas of Ashland County, Ohio, on community control violations. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 24, 2015, appellant pled guilty to one count of trafficking in heroin in violation of R.C. 2925.03 and one count of tampering with evidence in violation of R.C. 2921.12. By judgment entry filed November 19, 2015, the trial court sentenced appellant to six months in a community based correctional facility followed by three years of supervised probation.

{¶ 3} On December 8, 2017, appellant's probation officer filed a motion alleging seven community control violations. Appellant pled guilty to three of them. A sanctions hearing was held on January 8, 2018. By second nunc pro tunc judgment entry filed January 17, 2018, the trial court sentenced appellant to thirty days in jail and ninety days of house arrest with a passive GPS monitor.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "IT WAS ERROR BY THE COURT NOT TO CONSIDER THE ORC 2929.12 FACTORS."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in not considering the factors of R.C. 2929.12 in sanctioning him on his community control violations.  We disagree.

{¶ 7}   Appellant originally pled guilty to third and fourth degree felonies.  By judgment entry filed November 19, 2015, the trial court sentenced appellant to six months in jail pending his acceptance into a community based correctional facility.  Upon acceptance into the facility and compliance with the program, any remaining jail time would be suspended.  The trial court also ordered three years of supervised probation. The trial court specifically stated the following:

> The Court further ORDERS, based upon the statutory sentencing factors, that if the Defendant violates the conditions of this sanction, he will be ordered to serve **18 Months** under the authority of the Ohio Department of Rehabilitation and Correction in an appropriate penal institution with regard to the Count Two offense of **TRAFFICKING IN HEROIN**, in violation of Ohio Revised Code Section 2925.03(A)(2), a felony of the fourth (4th) degree; and he will be ordered to serve **36 Months** under the authority of the Ohio Department of Rehabilitation and Correction in an appropriate penal institution with regard to the Count Three offense of **TAMPERING WITH EVIDENCE**, in violation of Ohio Revised Code Section 2921.12(A)(1), a felony of the third (3rd) degree.  The Court reserves jurisdiction to make specific findings and orders concerning whether, if

imposed, those prison terms shall be served concurrently or consecutively to one another.

{¶ 8}   The trial court noted it considered "the purposes of felony sentencing as set forth in Section 2929.11 of the Ohio Revised Code," and "fully considered the provisions of O.R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties to this case." Appellant did not appeal his sentence.

{¶ 9}   On December 26, 2017, appellant pled guilty to three community control violations: 1) using marijuana; 2) breaking curfew; and 3) associating with an individual who influenced him to engage in criminal activity.  Two of the three were direct violations of the November 19, 2015 sentencing order.  R.C. 2929.13(B)(1)(d) states:

A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer.

{¶ 10} R.C. 2929.15(B)(1) gives the trial court discretion to determine the most appropriate way to deal with each individual who violates community control sanctions:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

* * *

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 11} Subsection (B)(3) states:

The prison term, if any, imposed upon a violator pursuant to division (B)(1) of this section shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to division (B)(1) of this section by the time the offender successfully spent under the sanction that was initially imposed.

{¶ 12} R.C. 2929.14(A)(3) provides for a prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months" for a felony of the third degree. R.C. 2929.14(A)(4) provides for a prison term of "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months" for a felony of the fourth degree.

{¶ 13} In this case, the trial judge who sentenced appellant in 2015 was the same judge who held the sanctioning hearing after accepting appellant's admissions to violating his community control.

{¶ 14} During the January 8, 2018 sanctioning hearing, the trial court clearly considered the mitigating factors offered by appellant. The trial court heard how appellant was remorseful, was compliant for about a year and a half before violating, how he was in the military and served for five years, suffered from PTSD which led to substance and

alcohol abuse, and was committed to his treatment. T. at 3-5. The trial court heard directly from appellant who explained he was not thinking when he associated with known criminals, and had a mental lapse in breaking curfew. T. at 6-7. The trial court informed appellant that he "put a lot of faith and trust in the recommendations of the Supervising Officers," as they "are the ones that have the contact with you and can best decide how you are going to respond," and found appellant remained "amenable to a Community Control Sentence" and "Community Control won't demean the seriousness of your offense." T. at 7-8.

{¶ 15} In its second nunc pro tunc judgment entry filed January 17, 2018, the trial court noted, "[b]ased upon the purposes and principles of the felony sentencing law of Ohio and the information furnished to the Court at the hearing, the Court finds that the Defendant is amenable to continuance of community control sanctions." The trial court sentenced appellant to thirty days in jail and ninety days of house arrest with a passive GPS monitor. This sanction was well under the permissible ranges and the specific prison terms listed in the November 19, 2015 sentencing judgment entry provided to appellant.

{¶ 16} In the 2015 sentencing judgment entry, the trial court stated it "notified the Defendant of the consequences of a violation of community control," the consequences of which were included in the entry and cited above. The trial court noted it reviewed the presentence investigation report and fully considered the provisions of R.C. Chapter 2929. During the 2018 sanctions hearing, the trial court listened to the presentation of defense counsel and the statements made by appellant, and found those arguments persuasive. Even though appellant admitted to violations, the trial court continued his community control sanction with some modifications.

{¶ 17} Upon review, we do not find a violation of R.C. 2929.11 and/or 2929.12 or any abuse of discretion in the trial court's sanction for violating community control under R.C. 2929.15.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


EEW/db 730