[Cite as *State v. Stanko*, 2019-Ohio-152.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106886**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CORTNEY E. STANKO**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612569-A

**BEFORE:** Blackmon, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Cullen Sweeney
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anthony Thomas Miranda
Khalilah A. Lawson
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} This accelerated case, and companion cases *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, and *State v. Catron-Wagner*, 8th Dist. Cuyahoga No. 106887, 2019-Ohio-153, all concern the sentence that may be imposed for violations of community control sanction, under the 2017 amendments to R.C. 2929.15. In this case, defendant-appellant, Cortney Stanko ("Stanko"), appeals from the 30-month sentence imposed after she stopped reporting to the probation department, failed to attend daily Alcoholics

Anonymous meetings as ordered, and tested positive for alcohol consumption. She assigns the following error for our review:

> The trial court's 30-month prison sentence for a technical violation of community control sanctions is contrary to law because it exceeded the 180-day maximum sentence authorized by [newly amended] R.C. 2929.15.

{¶2} Having reviewed the record and pertinent law, we conclude that Stanko has committed a "technical" violation of community control, so the 30-month term exceeds the 180-day maximum sentence under R.C. 2929.15(B)(1)(c)(ii). The apposite facts follow.

{¶3} In December 2016, Stanko was indicted for breaking and entering, theft of checks, petty theft, and tampering with evidence. She subsequently pled guilty to breaking and entering (a fifth-degree felony), attempted tampering with evidence (a fourth-degree felony), and petty theft (a first-degree misdemeanor). At sentencing, Stanko agreed to make restitution in the amount of $1,200, and the defense outlined her efforts at combating her heroin addiction. The trial court sentenced Stanko to five years of community control sanctions that included: no drugs or alcohol; obtain a sobriety sponsor; 90-day verified attendance of a 12-step sobriety program meetings; random drug and alcohol screening; and full-time employment within 30 days. The court also imposed a $2,000 fine and ordered that Stanko pay $120 per month toward restitution, fine, court costs, and probation supervision fees. The court informed Stanko at the sentencing hearing and in the sentencing journal entry that failure to complete the terms and conditions of community control may result in a 30-month prison term (12 months for breaking and entering, consecutive to 18 months for attempted tampering with evidence).

{¶4} The trial court held a community control violation hearing on November 29, 2017. The court determined that Stanko sporadically attended sobriety meetings in April and July 2017, and was unable to provide her probation officer with the address for the meetings. A July 2017

random urine screen was positive for alcohol. The court also determined that Stanko obtained part-time, rather than full-time employment, but the defense indicated that shortly before the hearing, Stanko did obtain a full-time job. The court found Stanko in violation of the terms of community control and sentenced her to 30 months of imprisonment, with credit for 216 days served.

## Community Control Violation

{¶5} Stanko asserts that the trial court violated R.C. 2929.15(B)(1)(c)(ii) which establishes a maximum 180-day prison term for "technical" violations of community control where the defendant has been convicted of a fourth-degree felony. She maintains that under R.C. 2929.15, her noncompliance constitutes a "technical" violation. In opposition, the state argues that under R.C. 1.42, the common meaning is to be applied, and Stanko's multiple instances of noncompliance were neither minor nor insubstantial, and are not "technical" violations subject to the 180-day limitation.

{¶6} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) the sentence imposed is contrary to law. An appellate court does not review a trial court's sentence for an abuse of discretion. *Marcum* at ¶ 10.

{¶7} R.C. 2929.15(B)(1) gives the trial court discretion to determine the most appropriate way to deal with each individual who violates community control sanctions. *State v. Schuttera*, 5th Dist. Ashland No. 18-COA-007, 2018-Ohio-3305, ¶ 10. A court's general

options include extending the community control sanction, and imposing more restrictive sanctions. R.C. 2929.15(B)(1). Additionally, R.C. 2929.15(B) provides that if the court announces a possible prison term during the sentencing hearing, the court may also impose that term if the conditions of a community control sanction are violated, but effective September 29, 2017, R.C. 2929.15(B)(1)(c) sets forth this limitation:

> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

> (ii) If the prison term is imposed for *any technical violation* of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense *or for any violation of law* committed while under a community control sanction imposed for such a felony *that consists of a new criminal offense and that is not a felony*, the prison term shall not exceed one hundred eighty days.

(Emphasis added.)

**{¶8}** In *Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, this court explained that under R.C. 2929.15, where a trial court imposes community control for a fourth- or fifth-degree felony, and also notifies the offender at the original sentencing hearing that a specific prison term will be imposed if the offender violates the terms of community control, the court may subsequently impose that stated prison term if the offender later violates community control. However, if the offender commits only "technical" violations of community control, the court is subject to the sentencing limitations set forth in R.C. 2929.15(B)(1)(c)(i) and (ii). The *Neville* court stated:

> [T]he statute now provides that the court can still impose prison *but if* the violation is *merely technical*, the trial court cannot impose the full amount of time that it had previously notified the offender it would impose if the offender violated the terms of his or her community control sanctions. Instead, if there is a technical violation of community control sanctions, the trial court can now only impose a prison sentence of 90 days [for fifth-degree felonies].

(Emphasis sic.) *Id*. at ¶ 21.

**{¶9}** However, the *Neville* court observed that the legislature did not define the term "technical" violation in R.C. 2929.15 and "did not draw a bright-line rule" as to the meaning of this term. *Id*. at ¶ 41. In order to ascertain the meaning of this term, the *Neville* court analyzed numerous cases that addressed various types of violations. In one group are those probation violations that are *not* merely "technical" violations because they result from commission of criminal offenses, i.e., overdosing on drugs. *Id*. at ¶ 34. In a second group are those violations resulting from failure to follow the standard terms and conditions of community control, i.e., associating with known criminals and drinking alcohol. *Id*. at ¶ 31, 35. In a third category are those probation violations that result from noncriminal conduct that is of greater seriousness and violates the special conditions of community control directly imposed by the trial court and specifically tailored to address and treat the offender's substance abuse issues, i.e., as "voluntary leaving" a community-based correctional facility. *Id*. at ¶ 42-45, citing *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219; *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249; *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825; *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672; *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 609 N.E.2d 546 (1993); *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 636 (6th Cir.1976). After conducting this analysis, the court

rejected Neville's argument that "technical" violations are all violations that are "not otherwise criminal." *Id*. at ¶ 44.

{¶10} This court went on to conclude that Neville's violation of community control was not "merely technical" where she "never reported" to probation after sentencing, "failed to engage in any of the conditions of her community control," and admitted that she violated "all of the conditions" of her community control sanctions. This court recognized that the General Assembly did not intend for individuals who fail to report for probation to be considered "technical" violators. If that's the case, there would be no incentive for defendants to report at all. Consequently, for that category of offenders, the trial court must have discretion. *Id*. at ¶ 49. Therefore, this court determined that the trial court properly sentenced Neville to 12 months imprisonment, despite the 90-day limitation set forth in R.C. 2929.15(B)(1)(c)(i).

{¶11} In this matter, Stanko outlined her efforts at complying with the multiple terms of her community control. Prior to her violation hearing, Stanko completed an eight-week recovery program at the jail, had been attending AA/NA meetings, and was prepared to enter an outpatient substance abuse program. She was arrested after she failed to report to probation on August 8, 2017, failed to attend 12-step meetings every day, and had a positive test for alcohol. We conclude that these violations constitute "technical" violations of community control, in that they were not a new criminal offense, and do not manifest a wholesale failure to engage in the terms of her community control. Therefore, because Stanko was convicted of a fourth-degree felony, the sentence for these violations is subject to the 180-day limitation in R.C. 2929.15(B)(1)(c)(ii).

**{¶12}** In accordance with the foregoing, we hold that the trial court was subject to the 180-day limit in R.C. 2929.15(B)(1)(c)(ii), and we reverse the 30-month sentence imposed in this case.

**{¶13}** Sentence reversed. The trial court is ordered to carry this judgment into execution.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellant Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J. CONCUR